JULIO ROJO-FABIÁN, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 636. Submitted April 8, 1926.—Decided April 29, 1926.

*Francisco Navarro Ortiz* for the appellant. The registrar appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

By a public deed executed on December 27, 1921, Baltasar de Jesús Colón created a voluntary mortgage for $2,500 on two properties in favor of Julio Rojo Fabián. The deed was presented for record in the registry of property after

the mortgagor had died, after the said properties had been recorded in favor of the heirs, and after a sale by two heirs of their interests to co-heir Aguedo de Jesús Ortiz had been recorded.

The registrar refused to record the mortgage as to those interests for the reasons stated by him as follows:

". . . . Record of this document is denied as to two undetermined joint interests held by Aguedo de Jesús y Ortiz by purchase from his sister Benita de Jesús Ortiz and his brother Francisco de Jesús de Berríos, bacause according to sections 17 and 27 of the Mortgage Law as Aguedo de Jesús y Ortiz was married to Serafina López, the said conjugal partnership is a third person distinct from mortgagor Baltasar de Jesús Colón."

The case of *Roig v. Registrar,* 17 P.R.R. 918, construes section 17 of the Mortgage Law and holds that the heir is a continuer of the personality of the principal and not a third person. The same doctrine is sanctioned in *López* v. *Registrar,* 29 P.R.R. 1; *Saldaña* v. *Registrar,* 23 P.R.R. 124, and *Fajardo Sugar Growers' Association* v. *Registrar,* 25 P.R.R. 339.

In analyzing the jurisprudence of this court the registrar expresses himself as follows:

"In the case of Roig v. Registrar which is, according to our best information, the leading case in our jurisprudence because it is the first case decided touching on this doctrine, the following was said: '. . . . and the fact that she recorded her ownership under title of inheritance is no bar to the admission to record of a deed of conveyance or encumbrance executed by her ancestor of a date prior to the record of her ownership, although such deed is presented after the record in favor of the heir; because, if the ancestor could not oppose the inscription neither can his heirs do so, for they are his representatives and are under the same obligations as he was to consent to the record.'

"From the transcribed paragraph it is clearly seen that the title by inheritance is the basis for the record. Where there is no title by inheritance the question is different and the same doctrine can not be applied, even though the purchaser continues to be an heir for other purposes, or in other words and with relation to the prop-

erty, even though the condition subsists in him, but not the title by inheritance.

"For the foregoing reasons the registrar limited his refusal to the joint ownerships acquired by purchase and recorded the mortgage as to what was acquired by inheritance."

The point which seems to be raised by the registrar as new may be summed up in these words: That the status of heir disappears with regard to property acquired by him for a valuable consideration although they proceed from his ancestor, the heir remaining only as a third person under the protection of sections 17, 27 and 34 of the Mortgage Law.

We have to agree that the question raised is not presented in the same aspect as those in the cases already decided by this court, for although heir Aguedo de Jesús Ortiz has an interest under title by inheritance in the real properties mortgaged, the two shares here involved were bought by him from other co-heirs. Even in such a situation its effect is apparent, without changing the result. Section 34 is an exception to the rule established in section 33 and therefore its force and effect are based on good faith, for which reason even though the causes or apparent signs that may affect the title of a person acquiring real property do not appear from the registry, if on the other hand appear the special circumstances or facts demonstrative of such causes, defects or encumbrances of the property, the theory of innocence to be a third party becomes groundless. And this is the right meaning repeatedly given by jurisprudence to section 34. The following is said by the Supreme Court of Spain in its judgments of September 29, 1897, and December 31, 1897, construing that statute:

"Although the meaning and spirit of section 34 of the Mortgage Law is not so absolute as to authorize, according to the settled jurisprudence of the Supreme Court, the holding that a person who acquires real property with knowledge of the encumbrances existing thereon is a third person, even though the encumbrances do not appear from the registry, because in that supposition is lacking the

basis and reason of the law; in order that to this knowledge may be attributed said legal effect without misapplying the absolute provision of the Mortgage Law, it is necessary that it be disclosed by the purchaser's own acts or by facts demonstrative of his consent and whose meaning might not be denied. (Judgment of September 29, 1897).

"By the general rule of section 27 of the Mortgage Law a third person is one who has not been a party to the recorded instrument or contract, and although according to section 33 instruments or contracts which are void under the law are not validated by their admission to record, and as a security for those contracting in good faith for a valuable consideration under the guaranty of the registry of property and without being certain by apparent signs or special circumstances that their contracts will be invalidated, although by a prior unrecorded title or by causes that do not appear clearly in the registry, section 34 provides for the annulment or rescission of the right of the person who transferred the property. (Judgment of December 9, 1897)." Odriozola, Dictionary on Mortgage Jurisprudence, pages 642, 643.

Aguedo de Jesús Ortiz, although a purchaser for a valuable consideration of the two shares in the real properties mortgaged by his ancestor, could not remove from his personality his status as heir and eradicate the legal fiction that binds him to the said ancestor as a continuer of his personality, which circumstance is in itself proof of his knowledge of the liens that encumbered the property of the inheritance.

The case imagined by Galindo and Escosura in their comments on section 27 of the Mortgage Law that defines who is a third person and on which the registrar grounds his contention, does not favor him at all. They suppose a case where an heir accepts the inheritance under benefit of inventory and the real property, being therein included, is awarded to him and he pays the debts and a purchaser who failed to record his title in time appears and claims the property. They say that the purchaser would find himself in the same case as if the property had been awarded to another creditor, that is to say, without a right against him.

because of his failure to record his purchase. The example shows that the general rule is always ratified by the exceptions, and good faith or the absence of fraud is what would support the right of the heir in that case. But the law also is that which marks the difference when an heir accepts the inheritance purely and simply or when he accepts it under benefit of inventory. The effects are different. In this regard Manresa says:

"Properly said, the acceptance is in law the pure acceptance that merges the juristic personality of the heir into that of the ancestor. There is, besides, a special acceptance, so-called under benefit of inventory, by which the heir shows his will, but with certain restrictions that prevent such merger of personalities and succession in all the obligations of the ancestor, by a separation of the estates. In such case the heir retains his independent personality and only the property and rights left by the ancestor upon his death are subject to the debts of the inheritance." Manresa, volume 7, page 311.

And there is nothing in the record of this case to show, nor is it alleged by the registrar, that heir Aguedo de Jesús Ortiz accepted the inheritance under benefit of inventory.

There remains a point which the registrar deems decisive and which refers to the fact that Aguedo de Jesús Ortiz acquired the two joint interests during wedlock and therefore that the said joint interests belong to the conjugal partnership, an entity distinct from the mortgagor.

Whatever may be the nature of matrimony as a partnership, the husband who is by law the manager of the same (sec. 1327 of the Civil Code) acts as its agent and the knowledge of the agent is the knowledge of the partnership under the rule of *respondeat superior*. Besides, the husband as such manager of the conjugal partnership and in relation to third persons is the partnership itself and there is no such distinction.

For the foregoing reasons the decision appealed from must be reversed and the registrar ordered to make the record as requested.